JOHN W. HEASTAN *vs.* HATTIE C. A. HEASTAN.

DECEMBER 13, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a suit in equity brought by a husband against his wife to compel her to pay to him the reasonable value of certain personal services which he alleges were performed by him at her request. A demurrer which she filed to his bill of complaint was, after a hearing, sustained in a decision by a justice of the superior court on the sole ground that upon the facts alleged in the bill the complainant had an adequate remedy at law.

Upon this decision a final decree was entered accordingly, sustaining the demurrer and dismissing the bill of complaint. The cause is now before us on the complainant's appeal from that decree, the only reasons of appeal stated being that the decision and decree were against the law and that the complainant's only remedy was in equity.

In addition to the facts above stated the pertinent allegations of fact in the bill are substantially as follows: The respondent's father died April 30, 1941, at which time he was a resident of the town of Johnston in this state and was engaged in a certain dairy farm business. The respondent was duly appointed administratrix of his estate by the probate court of that town and duly qualified as such. Thereafter, by authority from that court, she, as such administratrix, continued that business.

On or about June 1, 1941, the complainant, at the respondent's request, relinquished a lucrative position, which he then had, and entered upon the work of carrying on that business; and he carried it on until August 15, 1943, including the cutting and storing of hay, the management of a poultry business and much manual work "of every description." No amount of compensation for such services by him was agreed upon between the parties; but the respondent agreed to pay him for them all, out of the funds derived by her from the sale of the personal property of the farm. However, after making such sale as administratrix she refused and has continued to refuse to pay him the reasonable value of his services, which he avers amounts to $5750.

On August 24, 1943, he made a written agreement with her, by which he released to her any and all interest in the personal property and business of the dairy farm, upon her agreement to pay him the reasonable value of his services as above stated.

There are other allegations in the bill of complaint; but, in our judgment, they have no bearing on the vital question now before us in this case, which is whether the complainant would have an adequate remedy in an action at law, upon proof of the allegations of his present bill. He does not deny that but for the conjugal relationship between himself and the respondent he would have an adequate remedy at law against her upon proof of the other facts alleged in

his bill of complaint and, therefore, could not maintain a bill in equity against her upon such proof.

He contends, however, that this relationship prevents him from maintaining an action at law against her upon such proof and that this is so, notwithstanding general laws 1938, chapter 417, §3, as follows: "A married woman may make any contract whatsoever, the same as if she were single and unmarried, and with the same rights and liabilities." He asserts that this does not include a contract between a husband and his wife, so as to enable either of them to enforce, by an action at law against the other, any such contract.

A section in this form first became a part of the statutory law of this state by P. L. 1896, chap. 335, enacted May 14, 1896, and amending G. L. 1896, chap. 194, sec. 3; and a section in this form has been a part of the statutory law of this state ever since. So far as we have been able to ascertain or have been informed, there has been only one reported case in which it has been decided whether or not sec. 3 or any of the latter identical sections of the statutes of this state applied to a contract between a husband and his wife. That case was *Darcey* v. *Darcey*, 29 R. I. 384. In the opinion therein it was held that sec. 3, as thus amended in 1896, applied to, and made enforceable by a wife against her husband, a written contract of reconciliation entered into between them, and by which, among other provisions, it was agreed by him that, if he committed a breach of the principal obligation assumed by him therein, he would convey to her a one-half interest in certain real estate.

The case was begun by a bill in equity to compel specific performance by him of that agreement to convey, he having committed such breach; and it was decided by this court that the agreement was valid and enforceable and that she was entitled to a decree for specific performance of it. The case is authority for the conclusion that, under the statutory provision involved, the contract between the husband and wife was valid and enforceable; but it is not authority for

the proposition, contended for by the complainant in the instant case, that no contract between a husband and wife is enforceable otherwise than by a bill in equity.

It is not such authority, because the relief sought by the wife and granted by the court in that case was specific performance, which could only be obtained in an equity suit, whereas in the instant case the contract alleged in the bill cannot properly be the basis for a decree for specific performance. Moreover, for all that appears in the opinion in the *Darcey* case, the wife, if she had chosen to do so, could have maintained an action at law against her husband to recover from him damages for his failure to perform the agreement.

We have found no case in this state, nor has any been called to our attention, in which it has been held, or even stated, that an agreement between a husband and his wife, valid under the above-cited statutory provision, could not be enforced in an action at law, brought by either against the other, if such an action could have been maintained if the parties had not been husband and wife.

We are therefore of the opinion that, upon the facts stated in the complainant's bill of complaint, he had an adequate remedy at law and that the trial justice properly sustained the respondent's demurrer to the bill of complaint.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainant.

*Louis W. Dunn,* for respondent.